UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PROJECT TRAVEL, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>JASON ROWE, an individual,<br><br>        Defendant. | CIVIL ACTION<br><br>Case No. 8:24-cv-2817-WFJ-LSG |

### ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Having considered the Verified Complaint and Plaintiff's Motion for a Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65, the parties' arguments and submissions related thereto, the Court finds that Plaintiff has met the requirements for entry of a temporary restraining order, including that Plaintiff has a likelihood of success for breach of contract against Defendant.

The Court finds that Plaintiff has a protectable interest in its reputation, business goodwill, confidential information and trade secrets. Further, the Court concludes Plaintiff will suffer irreparable injury by the loss of its protectable interests and have no adequate remedy at law in the absence of a TRO as the preliminary injunction issues in this action proceed. In addition, the Court finds that

I

the benefits of granting Plaintiff injunctive relief to protect its legitimate interests and entering the relief set forth below outweighs any harm to Defendant such relief might cause. Finally, the issuance of a TRO will serve the public interest in the protection of reputation, business good will, confidential information, trade secrets, and the enforcement of reasonable contracts. Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The TRO Motion is **GRANTED.**

2. Pending a hearing and determination of Plaintiff's motion for a preliminary injunction, or upon further Order of the Court:

   a. Defendant, and any person acting in concert with him with actual notice of this Order, is prohibited from disclosing any of Plaintiff's trade secret, confidential, and/or proprietary business information, or using such information to benefit himself or any third party;

   b. Defendant, and any person acting in concert with him with actual notice of this Order, is prohibited from working with any customer or prospective customer of Plaintiff about whom Defendant received Plaintiff's confidential information, or about whom Defendant took any confidential information from Plaintiff;

    c.    Defendant shall participate in a forensic remediation process, conducted by a Court-appointed forensic neutral and at Plaintiff's initial expense, with the final assessment of expense to be determined later. This is to insure that all of Plaintiff's information is returned to Plaintiff and securely removed from Defendant's possession, custody, or control and returned to Plaintiff; and

    d.    Defendant shall not destroy, alter, transmit or move (except in compliance with the Court's orders below) any documents, in whatever form, that may contain or reflect Plaintiff's trade secret or confidential information.

3.    Plaintiff shall deposit with the Clerk of the Court $20,000.00 as security, pursuant to Fed. R. Civ. P. 65(c), within seven (7) days of this Order.

4.    Plaintiff shall serve Defendant by Federal Express (no signature required) and Email a copy of (a) this Order, (b) the summons, (c) the complaint; (d) each motion, brief, affidavit, exhibit, proposed order, or other paper submitted to support the motion for the temporary restraining order; (e) each additional paper the moving party will submit to support converting the temporary restraining order into a preliminary injunction; and (f) a notice of any hearing upon Defendant or his counsel within 24 hours, filing proof of service when served.

5. This matter is set for hearing before the undersigned on **December 20, 2024, at 3:30 p.m.** in the Sam M Gibbons United States Courthouse, 801 N. Florida Ave., Courtroom 15B, Tampa, Florida, 33602. This Order will expire at 5:00 p.m. December 20, 2024.

**DONE AND ORDERED** at Tampa, Florida, at 1:00 p.m. on December 9, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

4